## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| OLETHIA DAVIS | CIVIL ACTION |
|---|---|
| **VERSUS** | **NO. 23-7048** |
| **ALLSTATE INSURANCE COMPANY** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court in this first-party-insurance case removed from state court based on diversity jurisdiction, 28 U.S.C. § 1332(a)(1), are two motions[1] filed by *pro se* Plaintiff Olethia Davis: a motion to remand this case to the 40th Judicial District Court for the Parish of St. John the Baptist and a motion to strike Defendant Allstate Insurance Company's untimely response to Plaintiff's motion to remand.

The relevant facts are straightforward and few. Plaintiff sued Defendant in state court, alleging that Defendant violated Sections 22:1892 and 22:1973 of the Louisiana Revised Statutes in connection with Defendant's adjustment of Plaintiff's Hurricane Ida insurance claim.[2] In her petition, Plaintiff alleges that she is "a resident of St. John the Baptist Parish,"[3] and that Defendant is "a foreign insurance company" domiciled in Illinois.[4] She also alleges that Defendant owes her "$98,871.03 together with the total sum of contractor supplements after the commencement of remaining repairs, treble damages, and all legal fees and costs of these proceedings."[5]

---

[1] ECF Nos. 8 & 12.
[2] *See generally* ECF No. 1-2 at 5–10 (petition).
[3] *Id.* at 5 (unnumbered opening paragraph).
[4] *Id.* at 5 ¶ 1.
[5] *Id.*

Defendant removed the case to this Court based on diversity jurisdiction.[6] *See* 28 U.S.C. § 1332(a)(1). Defendant explained that the parties are completely diverse because Plaintiff is a Louisiana citizen, and Defendant, a corporation,[7] is deemed an Illinois citizen given that it is incorporated in Illinois and it maintains its principal place of business there.[8] And Defendant explained that the amount-in-controversy requirement is met because Plaintiff alleges that Defendant owes her $98,871.03.[9]

Plaintiff then moved to remand.[10] The Court liberally construes that *pro se* motion. *See Collins v. Dall. Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023). Liberally construed, the motion contends the Court lacks diversity jurisdiction because the requirement of complete diversity is not met.[11] Plaintiff contends complete diversity does not exist because Defendant is authorized to do business in Louisiana, and Defendant sold the Northbrook, Illinois property where it had its principal place of business.[12] Plaintiff noticed the motion for submission on January 24, 2024;[13] Defendant's response was due on January 16. *See* LOCAL CIVIL RULE 7.5.

Defendant responded nine days late, on January 25.[14] Defendant's response explains that the sale of Defendant's Northbrook, Illinois property is irrelevant

---

[6] ECF No. 1.
[7] The use of "Company" in Defendant's name is by designation only. *See* ECF No. 1 at ¶ 14.
[8] *Id.* at ¶¶ 12–16.
[9] *Id.* at ¶17.
[10] ECF No. 8.
[11] *Id.*; see also ECF No. 8-1.
[12] ECF No. 8-1 at 1–7.
[13] ECF No. 8-8.
[14] ECF No. 11.

because Defendant is still domiciled in Illinois, and that Defendant is not incorporated in Louisiana merely because it is authorized to do business there.[15]

Plaintiff then moved to strike Defendant's response as untimely.[16] Defendant opposes that motion to strike and explains that it failed to file a timely response to the motion to remand because its counsel "did not note that the last page of the [o]rder [t]ransferring [this] [c]ase" to Section "O" "left in place all deadlines."[17] The Court considers the motion to strike before turning to consider the motion to remand.

Plaintiff fails to carry her burden to show that the Court should strike Defendant's untimely response to her remand motion. Rule 12(f) governs motions to strike; it permits the Court to "strike from *a pleading* an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." FED. R. CIV. P. 12(f) (emphasis added). "But Rule 12(f) only applies to pleadings, and [Rule] 7(a) provides a list of permitted pleadings that determines what constitutes a pleading that is subject to being stricken under Rule 12(f)." *Caliber Home Loans, Inc. v. Cove*, 346 F.R.D. 65, 70 (N.D. Tex. 2024) (internal citation and quotation marks omitted). A brief supporting or opposing a motion is not included in Rule 7(a)'s list of "pleadings." *See* FED. R. CIV. P. 7(a). So, Defendant's memorandum in opposition to Plaintiff's motion to remand is "not subject to a motion to strike under Rule 12(f)." *Caliber Home Loans, Inc.*, 346 F.R.D. at 70 (internal citation and quotation marks omitted).

---

[15] *Id.* at 1–2.
[16] ECF No. 12.
[17] ECF No. 13 at 1.

The Court declines to strike Defendant's untimely response to Plaintiff's motion to remand for the independent reason that the late filing was the product of excusable neglect. "There are four non-exclusive factors for determining whether a late filing may constitute excusable neglect: (1) the danger of prejudice to the other party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith." *Considerate Com., Inc. v. ISP Elecs., LLC*, No. 3:23-CV-2140, 2024 WL 3251722, at *5 (N.D. Tex. June 5, 2024) (internal citations and quotation marks omitted).

Applying those factors here, the Court concludes that, on balance, Defendant's nine-day-late filing was the product of excusable neglect. As for the first factor, Plaintiff has not identified any specific prejudice she will suffer if the Court considers Defendant's two-page, nine-day-late response. That response cites no caselaw and merely explains that complete diversity exists for straightforward reasons that the Court could and would have easily discovered on its own, independent of the untimely response. The second factor also favors a finding of excusable neglect because the delay was just nine days and has not affected the progress of this litigation. The third factor is neutral: Although Defendant's explanation—that its counsel "did not note that the last page of the [o]rder [t]ransferring [this] [c]ase left in place all deadlines"[18]—is not a particularly compelling one, courts have concluded that "a scheduling error can be a basis for excusable neglect." *Id.* (internal citation and quotation marks omitted). And the fourth and final factor favors a finding of

---

[18] ECF No. 13 at 1.

excusable neglect because the Court is not persuaded that Defendant's nine-day-late filing was the product of bad faith. Thus, in balancing these factors, the Court finds excusable neglect and declines to strike Defendant's nine-day-late response.

Nor is remand required. Defendant "may remove a civil action brought in state court to federal court if the action is within a federal court's original jurisdiction." *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 888 (5th Cir. 2024) (citing 28 U.S.C. § 1441(a)). "The removal statute is strictly construed, with doubts 'resolved in favor of remand.'" *Id.* at 888–89 (quoting *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)). The basis for original jurisdiction here is diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Under Section 1332(a)(1), the Court has diversity jurisdiction over "all civil actions" that are (1) "between citizens of different States" and (2) "where the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). The first requirement—amount in controversy—is met because Plaintiff specifically seeks over $75,000.[19] Only the second requirement—complete diversity—is at issue.

Complete diversity exists. Complete diversity "means that 'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'" *I F G Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 408 (5th Cir. 2023) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)). It is undisputed that Plaintiff is a Louisiana citizen; the dispositive question is whether Defendant is also a Louisiana citizen. It is not. As a corporation, Defendant is "deemed to be a citizen of every State and foreign State

---

[19] *See* ECF No. 1-2 at 5 ¶ 1.

by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendant is "deemed to be a citizen" of Illinois because Defendant is incorporated in Illinois[20] and has its principal place of business there.[21] *Id.* Because Plaintiff is a citizen of Louisiana and Defendant is deemed to be a citizen of Illinois, the parties are completely diverse.[22] Thus, because (1) the parties are completely diverse, and (2) the amount-in-controversy requirement is met, the Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1).

---

[20] Plaintiff relies in part on records for Delaware-incorporated entities other than the Defendant in this case: "Allstate Insurance Company." *See, e.g.*, ECF No. 8-5 & ECF No. 8-6 (records relating to "The Allstate Corporation"); ECF No. 8-7 (records relating to "Allstate Insurance Services, Inc."). The Court's review of the record in this case and other cases involving "Allstate Insurance Company" reflects that "Allstate Insurance Company" is incorporated in Illinois. *See, e.g.*, *Langill v. Allstate Ins. Co. of Cal.*, No. 20-CV-176, 2021 WL 718602, at *1 n.1 (N.D. Cal. Feb. 23, 2021) (recognizing that "Allstate Insurance Company" is "an Illinois corporation"); *Pager v. Metro. Edison*, No. 3:17-CV-00934, 2019 WL 4736227, at *1 (M.D. Pa. Sept. 27, 2019) (same); *see also, e.g.*, Answer, *Houston v. Allstate Ins. Co.*, No. 23-CV-2966 (E.D. La. Aug. 31, 2023), ECF No. 7 at ¶ 2 (admitting that Allstate Insurance Company is domiciled in Illinois); Answer, *James v. Allstate Ins. Co.*, No. 23-CV-3158 (E.D. La. Nov. 25, 2023), ECF No. 9 at ¶ 2 (admitting that Allstate Insurance Company is incorporated in Illinois).

[21] *See* ECF No. 1 at ¶ 14; ECF No. 1-3 at 1.

[22] Plaintiff's contrary arguments fail. That Defendant sold the property where it once had its principal place of business does not destroy complete diversity because Defendant remains headquartered in, and incorporated under the laws of, Illinois. *See* ECF No. 1 at ¶ 15; ECF No. 1-3 at 1. Nor does Defendant's mere authorization to do business in Louisiana destroy complete diversity. A corporation is not deemed a citizen of every state where it is *authorized to do business*; a corporation is instead deemed a citizen "of every State . . . by which it has been *incorporated* and of the State or foreign state where it has its *principal place of business*." 28 U.S.C. § 1332(c)(1) (emphasis added).

6

Accordingly,

**IT IS ORDERED** that Plaintiff's motion[23] to remand is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion[24] to strike Defendant's response to Plaintiff's motion to remand is **DENIED.**

New Orleans, Louisiana, this 25th day of July, 2024.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[23] ECF No. 8.
[24] ECF No. 12.