**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **OLETHIA DAVIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7048** |
| **ALLSTATE INSURANCE COMPANY** | **SECTION "O"** |

<u>**ORDER AND REASONS**</u>

Before the Court in this first-party-insurance case removed from state court based on diversity jurisdiction, 28 U.S.C. § 1332(a)(1), are three motions[1] filed by *pro se* Plaintiff Olethia Davis: a motion to remand this case to the 40th Judicial District Court for the Parish of St. John the Baptist; a motion to correct the record; and a consent motion to withdraw Plaintiff's subpoena request.

The relevant facts have already been recounted in the Court's prior order denying Plaintiff's initial motion to remand.[2] Plaintiff sued Defendant Allstate Insurance Company in state court, alleging that Defendant violated Sections 22:1892 and 22:1973 of the Louisiana Revised Statutes in connection with Defendant's adjustment of Plaintiff's Hurricane Ida insurance claim.[3] In her petition, Plaintiff alleges that she is "a resident of St. John the Baptist Parish,"[4] and that Defendant is "a foreign insurance company" domiciled in Illinois.[5] She also alleges that Defendant owes her "$98,871.03 together with the total sum of contractor supplements after the

---

[1] ECF Nos. 33, 34, & 39.
[2] ECF No. 19.
[3] *See generally* ECF No. 1-2 at 5–10 (petition).
[4] *Id.* at 5 (unnumbered opening paragraph).
[5] *Id.* at 5 ¶ 1.

commencement of remaining repairs, treble damages, and all legal fees and costs of these proceedings."[6]

Defendant removed the case to this Court based on diversity jurisdiction.[7] *See* 28 U.S.C. § 1332(a)(1). Defendant explained that the parties are completely diverse because Plaintiff is a Louisiana citizen, and Defendant, a corporation,[8] is deemed an Illinois citizen given that it is incorporated in Illinois and it maintains its principal place of business there.[9] And Defendant explained that the amount-in-controversy requirement is met because Plaintiff alleges that Defendant owes her $98,871.03.[10]

Plaintiff moved to remand.[11] This Court denied the motion to remand because the parties are citizens of different states and the amount in controversy exceeds $75,000.[12] *See* 28 U.S.C. § 1332(a)(1) (establishing this Court's diversity jurisdiction over "all civil actions" that are (1) "between citizens of different States" and (2) "where the matter in controversy exceeds the sum or value of $75,000"). Plaintiff appealed the denial of her motion to remand.[13] In an unpublished order, the Fifth Circuit dismissed the appeal for want of jurisdiction.[14]

---

[6] *Id.*

[7] ECF No. 1.

[8] The use of "Company" in Defendant's name is by designation only. *See* ECF No. 1 ¶ 14.

[9] *Id.* ¶¶ 12–16.

[10] *Id.* ¶17.

[11] ECF No. 8.

[12] ECF No. 19.

[13] ECF No. 20.

[14] ECF No. 27 (*Davis v. Allstate Ins. Co.*, No. 24-30547, 2024 WL 5414154, at *1 (5th Cir. Dec. 27, 2024)).

Plaintiff now once again moves to remand.[15] The Court liberally construes Plaintiff's *pro se* motion. *See Collins v. Dall. Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023).

Since Plaintiff's prior motion to remand, the status of neither Plaintiff nor Defendant has changed. Liberally construed, Plaintiff's motion raises a new argument: the Court lacks diversity jurisdiction because Louisiana Code of Civil Procedure Article 42(5) requires that an action brought against a "foreign corporation . . . not licensed to do business in the state . . . shall be brought in the parish of the plaintiff's domicile[.]" According to Plaintiff, this Court lacks subject matter jurisdiction because Defendant is a "foreign corporation" that can only be sued in Louisiana state court "in the parish of the plaintiff's domicile." *Id.*

Plaintiff is incorrect. Louisiana Code of Civil Procedure Article 42 provides the general venue rules for litigation in Louisiana state courts. State law venue rules do not override federal statutes, such as 28 U.S.C. § 1332(a)(1), that confer subject matter jurisdiction to federal district courts to hear certain cases and controversies. *See Randall v. Arabian Am. Oil Co.*, 778 F.2d 1146, 1150 (5th Cir. 1985) ("Only the Constitution and the laws of the United States can dictate what cases or controversies our federal courts may hear."); 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States").

---

[15] ECF No. 33.

Further, to the extent Plaintiff attempts to once again challenge Defendant's Illinois citizenship, this Court has already found that Defendant is incorporated in Illinois and has its principal place of business there.[16] It is undisputed that Plaintiff is a Louisiana citizen. Nothing in Plaintiff's most recent motion requires a different conclusion. Accordingly, there is complete diversity because "'all persons on one side of the controversy [are] citizens of different states than all persons on the other side.'" *I F G Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 408 (5th Cir. 2023) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)).

Finally, Plaintiff brings a separate motion[17] to "correct the record." Plaintiff contends that Defendant filed its Notice of Removal one day past the deadline. Plaintiff also asserts that Defendant made certain other procedural errors in the filing of its Notice of Removal, including, *inter alia*, an error in Defendant's civil cover sheet.

Defendant was served with Plaintiff's initial state court pleading on October 22, 2023.[18] Defendant filed its Notice of Removal on November 22, 2023.[19] Plaintiff is therefore correct that Defendant missed the removal deadline by one day because it filed its Notice of Removal 31 days after receiving Plaintiff's initial pleading. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise,

---

[16] ECF No. 19 (citing ECF No. 1 ¶ 14; ECF No. 1-3 at 1).
[17] ECF No. 34.
[18] ECF No. 1 ¶ 20.
[19] *Id.*

of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]").

At this stage, however, Plaintiff is not eligible for relief stemming from Defendant's procedural error. Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of a defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the Notice of Removal." The Fifth Circuit has held this to mean that any defect in removal that does not go the issue of "whether the case originally could have been brought in federal district court" is considered "procedural." *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991). A plaintiff that fails to object to a procedural error in the removal within 30 days waives objection to that error. *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 457-58 (5th Cir. 1998).

Plaintiff's motion to correct the record does not challenge whether the case originally could have been brought in federal court as a diversity action; rather, it points to Defendant's failure to adhere to the removal deadline. It is therefore procedural. *See Baris*, 932 F.2d at 1544. Plaintiff's motion to correct the record was filed on November 10, 2025, which is almost two years after Defendant's Notice of Removal was filed on November 22, 2023, and is well past the 30-day deadline to bring such an objection.[20] *See* 28 U.S.C. § 1447(c). Plaintiff has therefore waived her ability to seek the relief of remand (or more extreme relief, like an entry of default) stemming from Defendant's procedural errors pertaining to its Notice of Removal.

---

[20] *See* ECF Nos. 1 & 34.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion[21] to remand is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion[22] to correct the record is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's *ex parte* motion[23] to withdraw Plaintiff's subpoena request[24] is **GRANTED.**

New Orleans, Louisiana, this 11th day of May, 2026.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[21] ECF No. 33.
[22] ECF No. 34.
[23] ECF No. 39.
[24] ECF No. 35.

6