**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **OLETHIA DAVIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7048** |
| **ALLSTATE INSURANCE COMPANY** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court in this first-party-insurance case removed from state court based on diversity jurisdiction, 28 U.S.C. § 1332(a)(1), is a motion[1] for reconsideration filed by *pro se* Plaintiff Olethia Davis. Plaintiff asks this Court to reconsider its denial of her motion to remand for lack of subject matter jurisdiction[2] and motion to correct the record.[3] For the following reasons, Plaintiff's motion is **DENIED**.

## I. BACKGROUND

The relevant facts have already been recounted in the Court's prior orders denying Plaintiff's first[4] and second[5] motions to remand. Plaintiff sued Allstate Insurance Company in state court, alleging that Defendant violated various sections of the Louisiana Revised Statutes in connection with Defendant's adjustment of Plaintiff's Hurricane Ida insurance claim.[6] In her petition, Plaintiff alleges that she is "a resident of St. John the Baptist Parish"[7] and that Defendant is "a foreign

[1] ECF No. 43.
[2] ECF No. 33.
[3] ECF No. 34.
[4] ECF No. 19.
[5] ECF No. 41.
[6] *See generally* ECF No. 1-2 at 5–10 (petition). Specifically, Plaintiff alleges violations of Louisiana Revised Statutes 22:1892, 22:1895, 22:1896, 22:1964, and 22:1973. *Id.* at 9 ¶¶ 34–36.
[7] *Id.* at 5 (unnumbered opening paragraph).

insurance company" domiciled in Illinois.[8] Plaintiff further alleges that Defendant owes her "$98,871.03 together with the total sum of contractor supplements after the commencement of remaining repairs, treble damages, and all legal fees and costs of these proceedings."[9]

Defendant removed the case to federal court based on diversity jurisdiction.[10] *See* 28 U.S.C. § 1332(a)(1); *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 888 (5th Cir. 2024) (citing 28 U.S.C. § 1441(a)) ("Defendants may remove a civil action brought in state court to federal court if the action is within a federal court's original jurisdiction."). Defendant explained that the parties are completely diverse because Plaintiff is a Louisiana citizen, and Defendant, a corporation,[11] is deemed an Illinois citizen given that it is incorporated and maintains its principal place of business in Illinois.[12] Defendant further explained that the amount-in-controversy requirement is met because Plaintiff alleges that Defendant owes her $98,871.03.[13]

Plaintiff moved to remand.[14] This Court denied the motion because diversity jurisdiction was satisfied: the parties are citizens of different states and the amount in controversy exceeds $75,000.[15] *See* 28 U.S.C. § 1332(a)(1) (establishing this Court's diversity jurisdiction over "all civil actions" that are (1) "between citizens of different States" and (2) "where the matter in controversy exceeds the sum or value of

---

[8] *Id.* at 5 ¶ 1.
[9] *Id.*
[10] ECF No. 1.
[11] The use of "Company" in Defendant's name is by designation only. *See* ECF No. 1 ¶ 14.
[12] *Id.* ¶¶ 12–16.
[13] *Id.* ¶ 17.
[14] ECF No. 8.
[15] ECF No. 19.

$75,000"). Plaintiff appealed the denial of her motion to remand.[16] In an unpublished order, the Fifth Circuit dismissed the appeal for want of jurisdiction.[17]

Plaintiff once again moved to remand.[18] Plaintiff alleged the Court lacks subject matter jurisdiction because Defendant is a "foreign corporation" that can only be sued in Louisiana state court "in the parish of the plaintiff's domicile."[19] But the Court denied the motion, finding that the status of neither Plaintiff nor Defendant had changed.[20] Plaintiff is undisputedly a Louisiana citizen, and the Court concluded that Defendant remained domiciled in Illinois.[21] Plaintiff further urged the Court to "correct the record" to reflect Defendant's untimely notice of removal and other procedural errors.[22] The Court held that Plaintiff waived this argument by failing to object to the procedural error within 30 days of the notice of remand, as required by 28 U.S.C. § 1447(c).[23] Plaintiff now moves the Court to reconsider these rulings.[24]

## II. LEGAL STANDARD

"Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' 'any order or other decision . . . [that] does not end the action.'" *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (alteration in original) (quoting FED. R. CIV. P. 54(b)). District courts have

---

[16] ECF No. 20.

[17] ECF No. 27 (*Davis v. Allstate Ins. Co.*, No. 24-30547, 2024 WL 5414154, at *1 (5th Cir. Dec. 27, 2024)).

[18] ECF No. 33.

[19] ECF No. 33-1 at 2–3.

[20] ECF No. 41 at 3.

[21] *Id.* at 4; ECF No. 19 at 5–6.

[22] ECF No. 34.

[23] ECF No. 41 at 5.

[24] ECF No. 43.

broad discretion to grant or to deny a motion for reconsideration. *S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 564 (E.D. La. 2013). "[T]he trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 864 F.3d at 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)). However, this power should be "exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *S. Snow Mfg. Co.*, 921 F. Supp. 2d at 564–65.

The Court liberally construes Plaintiff's *pro se* motion. *See Collins v. Dall. Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023). Liberally construed, Plaintiff's motion raises three new arguments. First, the Court made a clear error of law or fact when it did not require Allstate to provide a disclosure statement under Federal Rule of Civil Procedure 7.1.[25] Second, the Court's refusal to correct the record is a manifest injustice to Plaintiff because Allstate's untimely notice of removal was an abuse of process not subject to the 30-day timeline.[26] Third, the Court's order denying remand raises new federalism issues.[27] As discussed below, Plaintiff's motion for reconsideration is **DENIED**.

## III. ANALYSIS

### A. Allstate has Satisfied the Rule 7.1 Disclosure Requirements

[25] ECF No. 43-2 at 1–2.
[26] *Id.* at 4–5
[27] *Id.* at 6–8.

Plaintiff first claims that the Court made a clear error of law or fact by not requiring Allstate to file a disclosure statement under Federal Rule of Civil Procedure 7.1.[28] Under Rule 7.1, a party must file a disclosure statement when removing an action to federal court. FED. R. CIV. P. 7.1(2)(A). The disclosure statement must "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party." *Id.* The purpose of Rule 7.1 is to assist federal courts in determining whether diversity jurisdiction exists. *Genesis Marine, LLC v. Petroleum Fuel & Terminal Co.*, No. 26-1050, 2026 WL 1839129, at *3 (E.D. La. June 26, 2026).

To assist litigants, this Court offers a "Rule 7.1 Disclosure Statement Form."[29] Instead of using this form, Allstate filed its own "Corporate Disclosure Statement pursuant to Federal Rule of Civil Procedure Rule 7.1."[30] In the statement, Allstate disclosed that it is a is a wholly owned subsidiary of The Allstate Corporation, an Illinois corporation.[31] Moreover, the stock of The Allstate Corporation is publicly traded, and no publicly held entity owns 10% or more of the stock.[32] The Court is satisfied that Allstate's disclosure statement meets the substantive requirements of Rule 7.1 and therefore finds no legal error. Requiring Allstate to file another disclosure form would be unnecessarily duplicative and would not aid this Court in determining whether diversity jurisdiction exists.

Plaintiff contends that there are "at least two Allstate Insurance Company

---

[28] *Id.* at 1–2.
[29] *Id.* at 2.
[30] ECF No. 7.
[31] *Id.* at 1.
[32] *Id.*

offices located in LaPlace, Louisiana," raising questions about the entity's citizenship.[33] But Plaintiff misunderstands the nature of corporate citizenship for purposes of diversity jurisdiction. As this Court has explained,[34] a corporation is "deemed to be a citizen of every State and foreign State by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendant is "deemed to be a citizen" of Illinois because Defendant is incorporated in Illinois[35] and has its principal place of business there.[36] *Id.* Whether Allstate has registered to do business in Louisiana or maintains affiliates in the state is inconsequential to the Court's diversity jurisdiction analysis. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005) ("But Congress surely has not directed that a corporation, for diversity-of-citizenship purposes, shall be deemed to have acquired the citizenship of all or any of its affiliates."). Because Plaintiff is a citizen of Louisiana and Defendant is deemed to be a citizen of Illinois, the parties are completely diverse. Therefore, the Court declines to reconsider its ruling on subject matter jurisdiction.

**B. Allstate's Untimely Notice of Removal was a Procedural Error**

---

[33] ECF No. 43-2 at 2.

[34] ECF No. 19 at 5–6.

[35] Plaintiff relies in part on records for Delaware-incorporated entities other than the Defendant in this case: "Allstate Insurance Company." *See, e.g.*, ECF No. 8-5 & ECF No. 8-6 (records relating to "The Allstate Corporation"); ECF No. 8-7 (records relating to "Allstate Insurance Services, Inc."). The Court's review of the record in this case and other cases involving "Allstate Insurance Company" reflects that "Allstate Insurance Company" is incorporated in Illinois. *See, e.g.*, *Langill v. Allstate Ins. Co. of Cal.*, No. 20-CV-176, 2021 WL 718602, at *1 n.1 (N.D. Cal. Feb. 23, 2021) (recognizing that "Allstate Insurance Company" is "an Illinois corporation"); *Pager v. Metro. Edison*, No. 3:17-CV-00934, 2019 WL 4736227, at *1 (M.D. Pa. Sep. 27, 2019) (same); *see also, e.g.*, Answer, *Houston v. Allstate Ins. Co.*, No. 23-CV-2966 (E.D. La. Aug. 31, 2023), ECF No. 7 at ¶ 2 (admitting that Allstate Insurance Company is domiciled in Illinois); Answer, *James v. Allstate Ins. Co.*, No. 23-CV-3158 (E.D. La. Nov. 25, 2023), ECF No. 9 at ¶ 2 (admitting that Allstate Insurance Company is incorporated in Illinois).

[36] *See* ECF No. 1 at ¶ 14; ECF No. 1-3 at 1.

**Subject to the 30-Day Timeline Under 28 U.S.C. § 1447**

Next, Plaintiff alleges that she did not waive her ability to seek the relief of remand because "[t]here is nothing in 28 U.S.C. § 1447 that requires a party to file a motion to remand for abuse of process or misconduct within a 30-day timeline."[37] Plaintiff further asserts that the Court's failure to correct the record is a "manifest injustice to Plaintiff."[38] The Court does not agree.

Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of a defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the Notice of Removal." The Fifth Circuit has held this to mean that any defect in removal that does not go the issue of "whether the case originally could have been brought in federal district court" is "procedural." *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991). A plaintiff that fails to object to a procedural error in the removal within 30 days waives objection to that error. *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 457–58 (5th Cir. 1998). As this Court has previously explained,[39] Plaintiff's motion does not challenge whether the case originally could have been brought in federal court as a diversity action; it is therefore procedural. Thus, Plaintiff waived her ability to seek the relief of remand by filing a motion to correct the record almost two years after Defendant's notice of removal.[40]

Plaintiff further claims that Allstate acted in bad faith and committed fraud

[37] ECF No. 43-2 at 4.
[38] *Id.* at 5.
[39] ECF No. 41 at 5.
[40] Defendant's Notice of Removal was filed on November 22, 2023. ECF No. 1. Plaintiff's motion to correct the record was filed on November 10, 2025. ECF No. 34.

by filing a notice of removal to avoid the default order and scheduled hearing in state court.[41] However, Plaintiff fails to explain how filing a notice of removal amounted to bad faith and fraud. The action was within the federal court's original diversity jurisdiction, and thus, Allstate was entitled to seek removal of the case. *See* 28 U.S.C. § 1441(a) ("*[A]ny civil action* brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed* by the defendant . . . ." (emphasis added)). Defendants routinely exercise their right to federal removal for legitimate purposes, including the avoidance of state court proceedings. Such actions do not, on their own, constitute bad faith or fraud. Nor do they weigh on "whether the case originally could have been brought in federal district court." *Baris*, 932 F.2d at 1544. The Court recognizes that Plaintiff may prefer to litigate this action in state court. However, Allstate properly exercising its removal right does not amount to a "manifest injustice" to Plaintiff.

For these reasons, the Court declines to reconsider its decision that Plaintiff waived her procedural objections to the notice of removal.

### C. Removal of this Action to Federal Court Does Not Conflict with Principles of Federalism

Finally, Plaintiff raises two federalism issues, neither of which are persuasive. First, Plaintiff questions whether federal law permits a federal court to "disregard" rulings made by a state court prior to the filing of a notice of removal.[42] According to Plaintiff, "there is nothing in federal law and/or federal court precedents that requires

[41] ECF No. 43-2 at 4–5.
[42] *Id.* at 6.

a plaintiff to begin the litigation process anew after a notice of removal is filed."[43] But the Court has not asked Plaintiff to "begin the litigation process anew." "[W]hen a case is removed from state court to federal court, the federal court takes the case as it finds it and treats the state court rulings as its own." *In re. Ala. & Dunlavy, Ltd.*, 983 F.3d 766, 773 (5th Cir. 2020); *see also* 28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court.").

Plaintiff claims that, on November 17, 2023, she filed a motion for entry of default in state court against Allstate.[44] Five days later, Allstate filed a notice of removal.[45] According to Plaintiff, she then attempted to file a motion for default judgment and a hearing request in state court.[46] But once Allstate filed its valid notice of removal,[47] the state court no longer had jurisdiction over the action. *See Wolf v. Deutsche Bank Nat'l Tr. Co. ex rel. Am. Home Mortg. Inv. Tr. 2007-1*, 745 F. App'x 205, 208 (5th Cir. 2018) ("[O]nce [defendant] removed the case to federal court, no state court retained jurisdiction over the [action]; there were no concurrent proceedings."). Therefore, what remains from state court is Plaintiff's pending motion for entry of default. But filing a notice of default without any action taken by the state court does not amount to an injunction, order, or other proceeding that would have force and effect in federal court. *See* 28 U.S.C. § 1450.

---

[43] *Id.*
[44] ECF No. 8-1 at 3. Plaintiff does not allege that the state court entered a default.
[45] ECF No. 1.
[46] ECF No. 8-1 at 3.
[47] *See generally* ECF No. 1-2.

Second, Plaintiff claims that this Court wrongfully declared Louisiana Code of Civil Procedure Article 42 unconstitutional.[48] The Court did not. Instead, the Court explained[49] that state law venue rules do not override federal statutes that confer subject matter jurisdiction to federal district courts to hear certain cases and controversies. *See Randall v. Arabian Am. Oil Co.*, 778 F.2d 1146, 1150 (5th Cir. 1985) ("Only the Constitution and the laws of the United States can dictate what cases or controversies our federal courts may hear."); 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States.").

Louisiana Code of Civil Procedure Article 42 provides the general venue rules for litigation in Louisiana state courts. LA. CODE CIV. PROC. art. 42. Plaintiff correctly identifies that, under the code, the 40th Judicial District Court for the Parish of St. John the Baptist was a proper venue to bring her action in state court.[50] But being a proper venue does not mean it is the *only* available venue. That is, the same action can be properly brought in multiple courts because statutory rules provide several alternative venues for filing a lawsuit. Here, Plaintiff's action is proper in both Louisiana state court and federal district court under the court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). And the Louisiana Code of Civil Procedure does not—and cannot—strip jurisdiction conferred by Congress to the federal courts.

---

[48] ECF No. 43-2 at 6–8.
[49] ECF No. 41 at 3.
[50] ECF No. 33-1 at 3.

*See Chi. & N.W.R. Co. v. Whitton*, 80 U.S. 270, 271 (1871) ("Whenever a general rule as to property or personal rights . . . is established by State legislation, its enforcement by a Federal court in a case between proper parties is a matter of course, and the jurisdiction of the court in such case is not subject to State limitation."). This principle does not undermine federalism; rather, it is an extension of its dual-sovereignty structure. Despite Plaintiff's assertions to the contrary,[51] this Court does not dispute that Allstate agreed to abide by Louisiana law by registering to conduct business in the state. However, this does not prevent Allstate from exercising its right under U.S. law to remove the action to federal court. *See* 28 U.S.C. § 1441(a).

For these reasons, the Court declines to reconsider its decision on the grounds of federalism.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's motion[52] for reconsideration is **DENIED**.

**IT IS FURTHER ORDERED** that, before filing another motion in this Court requesting reconsideration of the Court's orders[53] denying remand, Plaintiff must first seek and obtain leave of Court to file such a motion.

New Orleans, Louisiana, this 27th day of October, 2026.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

[51] ECF No. 43-2 at 8.
[52] ECF No. 43.
[53] ECF Nos. 19 & 41.